UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:25-cv-00408-JPH-KMB |
| | ) |
| RICHMOND STATE HOSPITAL CUSTODIAN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING HABEAS PETITION, EXPANDING FILING RESTRICTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner George Small is a pretrial detainee presently confined at the Richmond State Hospital where he is undergoing proceedings to restore his competency. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention related to Indiana case number 49D07-2405-F5-014490.

Relatedly, Mr. Small had filed several petitions challenging his pretrial detention as to Indiana case number 49D23-2405-CM-013977. The Court dismissed those cases and implemented a filing ban preventing Mr. Small from filing new actions challenging his pretrial detention in that case only. *See Small v. State*, No. 1:24-cv-00942-JRS-TAB, dkt. 23 (S.D. Ind. Jan. 27, 2025).

Because Mr. Small has not raised double jeopardy or speedy trial claims in this petition, this petition will be dismissed without prejudice. And because Mr. Small has not stopped filing cases challenging his pretrial detention despite not exhausting his claims in state court, this Court now expands the filing ban

1

to include any petition brought under 28 U.S.C. § 2241 unless Mr. Small first files a one-page certification identifying the state court case and verifying under oath that the issues raised under § 2241 have been exhausted in state court.

## I.     Rule 4 Dismissal

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II.    Background and Discussion

Mr. Small was arrested for burglary and theft in May 2024 and charged in Indiana case number 49D07-2405-F5-014490. *See* Case Summary, available at mycase.in.gov. In his petition, he alleges that he was falsely charged without due process and that his *Miranda* rights were violated. Dkt. 1 at 1. He requests to be released and to receive $200 million. *Id.*

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings if the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make

abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger*, 401 U.S. at 49; *Stroman Realty, Inc.*, 505 F.3d at 662.

This petition must be dismissed because Mr. Small's claims are not cognizable in a § 2241 petition. The Court takes judicial notice of the chronological case summary in 49D07-2405-F5-014490 which also reflects that Mr. Small has not exhausted any speedy trial or double jeopardy claims in state court. Nor could he at this time, because Mr. Small has been determined to be incompetent to proceed to trial. The Court observes that a virtual hearing was held on February 25, 2025, and an attorney conference is scheduled for April 3, 2025. Further, Mr. Small cannot pursue monetary damages for wrongful incarceration in a habeas action. He can only do so in an action under 42 U.S.C. § 1983, and only after his criminal proceedings have ended in his favor. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because Mr. Small has not raised any cognizable claims in this petition and has not exhausted his state court remedies for any potentially cognizable claims, this action is **dismissed without prejudice**.

### III.     Filing Restriction

On January 27, 2025, this Court implemented a filing ban that prevented Mr. Small from filing any papers related to Mr. Small's pretrial detention in Indiana case number 49D23-2405-CM-013977. *See Small v. State*, No. 1:24-cv-00942-JRS-TAB, dkt. 23 at 4-5 (S.D. Ind. Jan. 27, 2025). Since then, Mr. Small has filed two petitions challenging his pretrial detention for other pending matters that were dismissed for the same reason as this dismissal. *See Small v. State*, No. 1:25-376-JRS-TAB, dkts. 5, 6 (S.D. Ind. Feb. 26, 2025); *Small v. State*, No. 1:25-202-TWP-CSW, dkts. 6, 7 (S.D. Ind. Feb. 28, 2025). In both cases, the Court warned Mr. Small that the Court could expand the filing ban to extend to other matters if Mr. Small did not show that he had exhausted his claims in state court. *See* No. 1:25-376-JRS-TAB, dkt. 5 at 3 ("Mr. Small is warned that if he attempts to file another habeas action challenging this case number or any other pending criminal case without first exhausting state court remedies, the Court will extend the filing ban to include all pending criminal cases."); No. 1:25-202-TWP-CSW, dkt. 6 at 3 ("Mr. Small is admonished that he must first exhaust state court remedies, before filing another habeas action challenging this case number or any other pending criminal case. Failure to comply with this admonishment may result in a filing ban with respect to this case.").

Although those warning were only recently issued, Mr. Small was already on notice based on the habeas cases he brought challenging his detention in Indiana case number 49D23-2405-CM-013977 that petitions under § 2241 are limited to double jeopardy and speedy trial claims, and only after a petitioner

has exhausted state court remedies. And as Mr. Small was previously informed, the Court has a duty to deter repetitious and frivolous filings. *See Small v. State*, No. 1:24-cv-00942-JRS-TAB, dkt. 23 at 3 (citing *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004), *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), and *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018)).

The Court finds that Mr. Small continues to consume an inordinate amount of Court resources by filing frivolous habeas petitions. The Court's previous filing ban, which was limited to one pending state court criminal matter, has not stopped or deterred Mr. Small from filing these frivolous petitions. Accordingly, it is now **ordered** that Mr. Small is **prohibited** from filing new papers in this Court under § 2241 related to his pretrial detention in **any pending criminal matter** in state court unless Mr. Small first files a one-page certification identifying the state court case and verifying under oath that the issues raised under § 2241 have been exhausted in state court.

The Court considered lesser sanctions, but they would not be effective because previous warnings have not stopped Mr. Small's frivolous litigation practices. *See Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014). This restriction does not prevent Mr. Small from filing a motion for habeas corpus under 28 U.S.C. § 2254 if and when he is convicted and then fairly presents any constitutional claims throughout at least one complete round of state-court review. *See* 28 U.S.C. § 2254(b)(1)(A); *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015).

Unless that occurs, the Clerk of this Court is **ORDERED to return unfiled any papers** related to his pretrial detention **that Mr. Small submits to this Court**, other than (1) filings related to a case where Mr. Small has certified exhaustion as described above; or (2) a notice of appeal. *See Thelen v. Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). That said, Mr. Small is advised that if he chooses to file a notice of appeal, he will have to pay a $605.00 filing fee, and he will only be able to proceed *in forma pauperis* if this Court determines that the appeal is not brought in bad faith. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (overruled on other grounds by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

### IV.   Conclusion

For the foregoing reasons, this action is **dismissed without prejudice** for failure to state a cognizable claim and failure to exhaust state court remedies. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the **clerk is directed** to send Mr. Small a copy of this Order to notify him that this matter has been dismissed without prejudice. Final judgment shall issue by separate order.

Additionally, due to Mr. Small's pattern of filing frivolous habeas petitions challenging his pretrial detention, the Court now imposes a filing restriction that prevents Mr. Small from filing any papers under 28 U.S.C. § 2241 challenging his pretrial detention in any pending criminal matter in state court unless he first files a one-page certification identifying the state court case and verifying

under oath that the issues raised under § 2241 have been exhausted in state court. This restriction does not apply to the filing of a notice of appeal.

**SO ORDERED.**

Date: 3/7/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GEORGE A. SMALL
498 North/West 18th St.
Richmond, IN 47374